IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| Z.C., individually and on behalf of C.C., a minor,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE BENEFITS PLAN OF CALIFORNIA; OPTUMHEALTH BEHAVIORAL SOLUTIONS OF CALIFORNIA,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING LEAVE TO PROCEED ANONYMOUSLY**<br><br>Case No. 1:25-cv-00013-TC<br><br>Judge Tena Campbell |

　　　　Before the court is a Motion for Leave to Proceed Anonymously filed by Plaintiff Z.C., individually and on behalf of his minor child, C.C. (ECF No. 4.) For the following reasons, the court grants the motion.

## LEGAL STANDARD

　　　　Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). But under Rule 5.2 of the Federal Rules of Civil Procedure, minors must be named by initials unless the court orders otherwise. Fed. R. Civ. P. 5.2(a)(3). No provision in the Federal Rules of Civil Procedure permits "suits by persons using fictitious names or … anonymous plaintiffs." Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs, 886 F.2d 1240, 1245 (10th Cir. 1989). But there may be "exceptional circumstances warranting some form of anonymity in judicial proceedings."

1

Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000).  Such circumstances include cases "involving matters of a highly sensitive and personal nature …." Id. (cleaned up).

When deciding whether to preserve anonymity, the court weighs any exceptional circumstances against the public's interest in access to legal proceedings.  Id.  Courts enjoy discretion about whether to allow a plaintiff to proceed using a pseudonym.  U.S. Dep't of Just. v. Utah Dep't of Com., No. 2:16-cv-00611-DN-DBP, 2017 WL 963203, at *1 (D. Utah Mar. 10, 2007) (citing Lindsey v. Dayton-Hudson Corp., 592 F.2d 1118, 1125 (10th Cir. 1979)).  If a court grants permission for a plaintiff to proceed anonymously, "it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter." W.N.J. v. Yocom, 257 F.3d 1171, 1172 (10th Cir. 2001).

## ANALYSIS

The Honorable Jared C. Bennett, a magistrate judge for the United States District Court for the District of Utah, recently granted a motion to proceed anonymously in similar circumstances.  See M.V. v. United Healthcare Ins. Co., No. 2:23-cv-00459, 2025 WL 463308 (D. Utah Feb. 11, 2025).  For similar reasons as those set forth in that order, the court finds that this case implicates "exceptional circumstances" that weigh in favor of protecting the Plaintiffs' identities.

First, this case concerns the denial of benefits for the care of a minor plaintiff.  The medical records and treatment at issue are related almost exclusively to C.C.'s struggles before the age of 18.  As described above, Rule 5.2(a)(3) requires litigants to protect the names of minors, and the court finds that it is appropriate for C.C. to proceed in this action under initials.

But although C.C.'s father, Z.C., is not a minor, disclosure of his full name would have the impact of revealing C.C.'s identity, thereby violating the spirt of Rule 5.2(a)(3).

Second, a substantial portion of the record in this case is comprised of C.C.'s protected health information and records related to C.C.'s treatment. These records are protected from public disclosure by HIPAA. 42 U.S.C. §§ 1320d et seq. The sensitive and personal medical concerns at issue in this action weigh against the disclosure of the Plaintiffs' identities.

Finally, the Plaintiffs' identities are known to the Defendants, who were the insurers providing coverage for Z.C. and C.C. As a result, the Defendants will not be prejudiced by a decision to allow the Plaintiffs to proceed anonymously.

In sum, the public interest in access to the Plaintiffs' identities is substantially outweighed by the Plaintiffs' interest in protecting matters of a highly sensitive and personal nature. Accordingly, the court finds that the Plaintiffs should be allowed to proceed anonymously.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1.     The court GRANTS the Plaintiffs' Motion for Leave to Proceed Anonymously. (ECF No. 4.)

2.     Within 14 days from the date of this order, the Plaintiffs must file under seal with the court a document containing the Plaintiffs' full names. That filing shall remain under seal unless otherwise ordered.

DATED this 26th day of February, 2025.

BY THE COURT:

_____
Tena Campbell
United States District Judge